Ex Parte Mrs. Charles M. Boerman, née María L. Fordham, Judicial Administratrix, Appellee.—Absent Heirs of Esther Bessie Boerman, Petitioners and Appellants.

No. 4539.   Argued May 22, 1928.—Decided July 28, 1928.

F. Acosta Velarde for the appellants.   Leopoldo Tormes for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

In a proceeding entitled Mrs. Charles M. Boerman, née María L. Fordham, Civil No. 5848, Judicial Administration, certain persons representing themselves to be the heirs of Esther Bessie Boerman filed a petition in the District Court of Ponce. The object of the petition as recited therein was to obtain property which had been left by Charles M. Boerman to the said Esther Bessie Boerman or to said heirs and adjudicated to them in the same proceeding. The petition

'prayed that within the term of five days Mrs. Charles M. Boerman be required to turn over to the attorneys of the petitioners the property which, as testamentary heirs of Charles M. Boerman or Mrs. Esther Bessie Boerman, had been adjudicated to them. Mrs. Charles M. Boerman opposed the petition. The District Court of Ponce, after a hearing, denied the petition.

On appeal eight errors are assigned. The first two assignments of error are as follows:

"First error. The court committed manifest error in admitting the opposition of Mrs. Charles M. Boerman.

"Second error. The court committed manifest error in not instructing the district attorney to bring proceedings for administration of the property of Esther Bessie Boerman in accordance with section 83 of the Special Legal Proceedings Act."

The appellants thus deny the right of Mrs. Charles M. Boerman to oppose their petition. They admit that she was a duly appointed administratrix of Charles M. Boerman and necessarily admit that she was in possession of the property, but they maintain that by the award made by the partitioner (*contador-partidor*) and its affirmance by the District Court of Ponce all the duties of the administratrix ceased and it is the heirs only who have a claim. We have little question that the active duties of the administratrix in this case have ceased and that the heirs of Charles M. Boerman or Mrs. Esther Bessie Boerman have a preference over the administratrix. Where, however, an administrator is put into possession of property it may become his duty to turn over the same to the lawful heirs, but no such duty arises until the proper persons present themselves to make the claim. Until the proper persons appear the administrator is obliged to retain possession of the property which has been intrusted to him. To protect himself as against possible claimants other than the rightful heirs, he has a right to inquire whether the persons appearing are the heirs they represent themselves to be and, incidentally of course, to satisfy

himself that the said persons have obtained due authority to make the claim. This was more or less decided by us in the case of *Calderón* v. *Boerman*, 37 P.R.R. 744.

More technically, perhaps, in this case the petitioners appeared in the administration proceeding and requested the court to require Mrs. Charles M. Boerman to perform certain acts. A mere stranger subjected to a suit might question the right of the particular persons to compel him to do anything. Unquestionably the duly appointed administratrix who is asked to part with the possession of property intrusted to her has such a right. Therefore the court committed no error in permitting Mrs. Charles M. Boerman to file a writing in opposition.

In discussing their second assignment of error appellants say that the court agreed that Mrs. Charles M. Boerman had no right further to administer the property of Mrs. Esther Bessie Boerman. Essentially and legally, as we understand it, that is not the position of Mrs. Charles M. Boerman. She does not hold the property of Mrs. Esther Bessie Boerman to administer it; she holds it merely to deliver it to the heirs of Mrs. Esther Bessie Boerman when a proper claim is made therefor. Until such a time the holding of the property by her is in continuance of her duties as administratrix of the estate of Charles M. Boerman. It was not of great importance in this case that Mrs. Charles M. Boerman had an appeal pending with respect to the distribution ordered by the District Court of Ponce, and we have just been advised that the Circuit Court of Appeals at Boston has affirmed the judgment of this court in that regard.

The appellants maintain that the court erred in not requiring the *fiscal* of the district court to begin a proceeding for a judicial administration of the estate of Mrs. Esther Bessie Boerman. Perhaps some of the same objections arise as before, but again more technically the petitioners should have begun an independent proceeding and not have interposed their claim within a proceeding which had for its

object the administration of the property of Charles M. Boerman. We can not agree with the appellants that they were bound to intervene in the administration proceeding to settle the estate of Charles M. Boerman, but they might have begun one *ex parte,* or else in adversary form against the administratrix. We find no error.

We agree with the appellee that the third assignment of error is unimportant. The court may have been mistaken in saying that the attesting witnesses to the will did not identify the proper document or did it at the wrong time. There is a probability, if not a certainty, that appellants are right when they say that the difference in dates is accounted for by the fact that the attesting witnesses to the will were attempting on a later date to identify their former signatures.

We agree with the appellee that the fourth, fifth, sixth and eighth assignments of error may be treated together. They are as follows:

"Fourth error. The court committed manifest error in holding that the copy of the death certificate and that of the will of Esther Bessie Boerman were not duly authenticated.

"Fifth error. The court committed manifest error in holding that there was no certificate showing that the translation of the said documents was a correct translation, or that the person who translated them was a competent translator.

"Sixth error. The court committed manifest error in holding that it is necessary to prove that the documents, and especially the will, had been executed in accordance with the laws in force in Russia in the years 1916 and 1921 respectively."

"Eighth error. The court committed manifest error in overruling the motion of the heirs, petitioners, and consequently in refusing to order the delivery to said heirs of the property claimed."

This is a case where the validity and execution of a foreign will are in question, as well as the identification of the persons who claim under it. The appellants were bound to prove in due form that Mrs. Esther Bessie Boerman was dead; that the persons in the District Court of Ponce were

duly named her heirs; that the will was duly executed, and that the petitioners are the persons they represent themselves to be. To know whether these matters have happened or been duly executed, as the case may be, foreign laws may have to be proved. We do not in general take judicial notice of them. Section 69, par. 8, of the Law of Evidence provides:

"Documents of any other class in a foreign country, by the original, or by a copy, certified by the legal keeper thereof, under his seal if he has one, with a certificate of the minister or ambassador, or a consul, vice consul, or consular agent of the United States in such foreign country, to the effect that the document is a valid and subsisting document of such country, and that the copy is duly certified by the officer having the custody of the original."

The court below held that the certificates presented were insufficient as containing no statement that the will was a valid one in a foreign country, or that it was duly certified. Perhaps the appellants are right when they maintain that the laws of Porto Rico go too far in requiring or suggesting that our foreign representatives should certify to foreign laws. It might be an impossibility for one of our foreign officials to perform such a duty, as is indicated by the certificate in evidence from the Department of State. On the other hand, perhaps some expert might be called in by our foreign representative and the latter then might certify on information and belief that the person so brought in was the competent person to certify to the validity of foreign laws or that a will had been made in accordance with such foreign laws. We say this because, short of some such step, we see no way of proving foreign laws in our courts except by having an expert summoned, or of taking a deposition abroad. Perhaps the suggestion of our statute is to the effect that a certificate should be obtained abroad and then in turn be certified to by our foreign representative. In any event, the fact that no such requirement may be expected of one of our foreign representatives can not aid the appel-

lants. A hiatus or lacuna would still exist which the appellants have not filled, namely, the proof of the validity of a foreign will or of all the certificates. These matters were discussed in greater detail by the court below, and in the main we are agreed with its decision and most of its reasoning.

We agree with the court that there was no proper certificate as to some of the translations, but we shall not attempt to say which were correctly translated and which were not, but leave the matter to the discretion of the appellants. It ought to be a relatively easy matter to obtain a correct translation of all the certificates, even those that have not been translated, and some of them may be unimportant.

The record showed that no certificate came from Russia, a country with which we have no diplomatic relations, and hence that the execution of various documents was certified to by our vice consul at Kovno, Lithuania, a neighboring country with which we have diplomatic relations. We are inclined to think that the certificate of our consul was valid for proving the signatures of officials in Russia. We refrain from discussing more in detail the sufficiency of the will or offered death certificate because we are convinced that the court was right, for the present, in refusing to give them probatory force. We are disposing of the case with some haste in order to give the heirs of Mrs. Esther Bessie Boerman a chance to proceed promptly.

We do not agree with the court so far as it seemed to think certain names were insufficient. "Boerman" or "Berman" are sufficiently *idem sonans*. Similarly with the transliteration of other names like "Bassia" for "Bessie" and "Ester" for "Esther." Esther Bessie Boerman was an anglicized form of the name of Charles M. Boerman's mother.

With respect to the seventh assignment of error we may say that the court should be very liberal in recognizing attorneys who purport to represent heirs. We think the court gave the attorneys sufficient scope in this case and it was un-

necessary for the attorneys to present their powers of attorney until their authority was questioned.

The judgment will be affirmed.